# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATE OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-16-0324 |
| KONSTANTIN BAS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On April 1, 2022, Alexander Cardoso filed a Motion to Intervene and Unseal pursuant to Federal Rule of Civil Procedure 24(b). (ECF No. 521.) Specifically, he Motion seeks to "intervene for the limited purpose of unsealing all briefs, memoranda, exhibits, and transcripts filed in connection with Defendant Konstantin Bas' sentencing in the instant matter." (*Id.*) The Court directed the Government and Bas to respond. (ECF No. 522.) The Government has responded in support of Cardoso's request, while Bas has opposed the Motion. (*See* ECF Nos. 525, 528.) Having reviewed the submissions, the Motion (ECF No. 521) will be granted with respect to the Sentencing Memoranda submitted by the parties in 2018 (ECF Nos. 397, 399), although Bas will be permitted to file versions of the Sentencing Memoranda in which his children and wife's names are redacted. To the extent that the Motion seeks documents beyond these Memoranda, it will be denied without prejudice.

### *I. Scope of Request*

Despite the broad language in Cardoso's initial Motion, the Court understands that he is currently seeking access to only two, publicly-available documents—the Sentencing Memoranda

filed in this case. (*See* ECF Nos. 397, 399.)[1] Cardoso's proffered reason for seeking these documents relates to civil litigation "against Konstantin Bas stemming from his ownership and operation of various clinical laboratories[,]" which were also involved in the above-captioned criminal matter. (*See* ECF No. 521-1 at 1–2.)

Though these documents are publicly available (that is, not sealed), access is limited on PACER to the parties in the case. Other interested persons can also access these documents, though they must do so through the public terminals in the Clerk's office. Cardoso's filing implies that it may be burdensome for him to obtain access to the Sentencing Memoranda through this currently-available mechanism of reviewing the documents, as he is litigating his civil claims in New Jersey. (*Id.*) Thus, the Court interprets Cardoso's Motion not as seeking to unseal any documents, but rather as seeking more convenient access to already-public documents.

## *II. Permissibility of Intervention*

The Fourth Circuit has confirmed that the First Amendment right of access also permits third-party intervention, though it has not identified the exact mechanism for doing so in district court. *See Rosenfeld v. Montgomery Cnty. Pub. Schs.*, 25 F. App'x 123, 131-32 (4th Cir. 2001) ("It is this *public* right of access that gives third party press intervenors standing to intervene on appeal to seek review of sealing orders of the district courts.") (emphasis in original); *see also United States v. Moussaoui*, 65 F. App'x 881, 884 (4th Cir. 2003) (granting motion to "intervene for the limited purpose of obtaining access to certain portions of the record and oral arguments"). Other circuits have similarly affirmed the propriety of "a motion to intervene to assert the public's First Amendment right of access to criminal proceeding is proper" or have permitted members of

---

[1] Cardoso's initial Motion also explicitly identified the Sentencing Transcript as a document of interest. (*See* ECF No. 521-1 at 4; *see also* ECF No. 406.) However, it appears that Cardoso has accessed that document through the ordinary course, i.e., by contacting the Court Reporter and requesting a copy. (*See* ECF No. 529 at 1 n.1.) Cardoso has also clarified that he is *not* seeking access to Bas' PSR, a document that is not publicly available. (*Id.*)

2

the public to assert this right through more informal means, such as a letter sent to the district court. *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (permitting motion to intervene); *United States v. Kravetz*, 706 F.3d 47, 51 (1st Cir. 2013) (considering propriety of sealing order in light of third-party request to sealed documents). While most authorities analyzed the propriety of intervention by third parties seeking to unseal non-public documents, the Court agrees with the Government that they also support Cardoso's request to intervene for purposes of obtaining less-fettered access to public documents. (ECF No. 528 at 2–3.) Further, these cases have not required a putative intervenor to satisfy the intervention standards set by Federal Rule of Civil Procedure 24 where intervention is limited to asserting the right to access case documents. Accordingly, Bas' opposition on the grounds that Cardoso has failed to satisfy those standards is inapposite despite Cardoso's styling of his Motion as one to intervene under Rule 24. (*See* ECF Nos. 521, 525 at 1.)

### *III. Access to Sentencing Memoranda*

In addition to finding Cardoso's request permissible, the Court also concludes that there is no sufficiently compelling reason to preclude Cardoso from more easily accessing the already-public documents he requests. "Criminal proceedings and related documents are [ ] presumptively open to the public." *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020) (citation omitted). This presumption may be overcome, with the showing required to do so "var[ying] depending on whether the public's right of access to the document or proceeding derives from the common law or the First Amendment." *Id.* (citations omitted). Relevant here, sentencing memoranda are subject to the more limited presumption of access arising from the "'common law right to inspect and copy judicial records and documents.'" *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "To overcome that presumption, a court must find that there is a significant countervailing interest in support of

3

sealing that outweighs the public's interest in openness." *Doe*, 962 F.3d at 145 (internal quotation marks and citations omitted).

The fact that Cardoso's request seeks only less-encumbered access to already-public documents attenuates the interests balanced by the common law presumption. On the one hand, it seems doubtful that significant countervailing interests support withholding documents from Cardoso that Bas does not seek to withhold from the public at large. *Id.*; *but cf. Massaoui*, 65 F. App'x at 887 n.5 (rejecting argument that broad public reporting renders sealing categorically inappropriate). On the other, the "public's interest in openness" seems largely satisfied by the fact that the documents are publicly available—even if the public is required to access those documents in a particular way. *Doe*, 962 F.3d at 145. Ultimately, though both interests apply with lesser force here, the Court sees no reason to reject the ordinary presumption in favor of "the right to inspect and copy judicial records and documents" absent a significant countervailing interest. *Harris*, 890 F.3d at 491–92 (explaining that the common law presumption applies where a court is "deciding whether to seal or *otherwise restrict access* to judicial documents") (emphasis added).

Bas has not provided any countervailing interest, much less a significant one, with respect to the Sentencing Memoranda filed in this case. Rather, his argument appears to rest on the premise that the presumption runs the other way, as he argues that "Movant has failed to articulate any legitimate reason entitling him to these pleadings other than vague, non-specific assertions[.]" (ECF No. 525 at 2.) As explained above, Cardoso need not make this showing to assert his common law right of access. Because Bas has provided no countervailing interests, the Court concludes that there is none sufficient to support denying Cardoso's request for copies of the Sentencing Memoranda.

*IV. Redactions*

As an alternative to denying Cardoso's Motion, Bas requests that the Court permit him "to file a redacted version of his sentencing memorandum to protect sensitive information." (*Id.* at 3 n.4.) Bas does not request that the Government's Memorandum be similarly redacted, nor do the types of redaction permitted by this Order appear to apply to that document. Specifically, though Bas' Opposition does not define "sensitive information[,]" the authority he provides suggests that he seeks to implement non-substantive redactions related to the names of his partner and minor children that appear in his Sentencing Memorandum and in attached exhibits. (*Id.* (citing *Harris*, 890 F.3d at 491–92 ("Courts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation, including family members and particularly minors, may justify restricting access.")).) Other courts have concluded that such redactions are appropriate, even where the filing to be redacted has been publicly available for a number of years prior to the request for redactions. *See United States v. Fretz*, Crim. No. JCF-02-0067, 2012 WL 1655412, at *3 n.2 (E.D.N.C. May 10, 2012); *see also Harris*, 890 F.3d at 492 (collecting cases permitting redactions of family members' names).

Accordingly, Bas shall be permitted to file a redacted version of his Sentencing Memorandum that omits the names of his wife and children.[2] Should Bas seek further redactions, he should file the appropriate motion providing authorities supporting why those additional aspects of his Sentencing Memorandum should be restricted from further public dissemination. On the present record, the Court finds no reason for permitting additional redactions beyond those specified here prior to allowing Cardoso to exercise his common law right to access Bas' Sentencing Memorandum.

---

[2] Of course, should Bas seek to fully remove these names from the publicly-available record in this case, he must file a Motion to Seal his unredacted Sentencing Memorandum.

5

For the foregoing reasons, it is hereby ORDERED that:

1. Cardoso's Motion to Intervene (ECF No. 521) is GRANTED IN PART and DENIED IN PART;

    a. It is GRANTED insofar as it seeks to intervene for purposes of obtaining copies of the Sentencing Memoranda (ECF Nos. 397, 399);

    b. It is DENIED without prejudice insofar as it seeks to intervene for purposes of obtaining access to any other documents filed in this matter;

2. Bas SHALL file a Sentencing Memorandum redacted consistently with this Order and SHALL provide a copy of the same to Cardoso within seven (7) days of this Order;

3. Cardoso SHALL contact the Clerk's Office to request a copy of the Government's Sentencing Memorandum filed in this case; and

4. The Clerk's Office is DIRECTED to provide counsel for Cardoso with the Government's Sentencing Memorandum filed in this case subject to the ordinary rules applicable to requests for copy work.

DATED this 27 day of April, 2022.

BY THE COURT:

James K. Bredar
Chief Judge